UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FLETCHER COREY,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

2:10-cv-0290-LDG-LRL

**ORDER**

    Plaintiff Fletcher Corey brought this action against the United States Postal Service ("USPS") seeking declaratory relief under the Declaratory Judgment Act ("DJA") regarding "what documents constitute documents that must be maintained, for any period of time, as part of a system of records with the Defendant USPS." Compl. ¶ 13. Specifically, Corey, a USPS employee previously involved in employment-related grievance procedures, alleges that the USPS fails to "maintain and keep each and every written material or item for each grievance as part of an employee file and/or system of records" as required by "federal law and/or regulation and/or procedure." *Id.* ¶¶ 7-9.

    Defendant USPS has filed a motion to dismiss Corey's Complaint pursuant to Rule 12(b)(1) (#8, opposition #11, reply #12). The USPS argues that this court lacks subject matter jurisdiction over Corey's claim because the USPS has not waived its sovereign immunity and because the DJA does not alone confer federal jurisdiction. As Corey correctly argues, however, the Postal Reorganization Act ("PRA") waives the USPS's sovereign immunity. *See* 39 U.S.C. § 409(a); *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985); *see also City and*

*County of San Francisco v. U.S. Postal Serv.*, No. C 09-01964 JSW, 2009 WL 3756005, at *4 (N.D. Cal. Nov. 5, 2009) ("However, in their reply brief, Defendants clarify that 39 U.S.C. § 409 waives USPS's sovereign immunity and that USPS is not raising sovereign immunity as a defense."). Corey also argues that, although the DJA does not alone confer federal jurisdiction, this court has subject matter jurisdiction under the coercive action doctrine for declaratory judgment suits. *See Janakes*, 768 F.2d at 1093. "When a declaratory judgment plaintiff asserts a claim that is in the nature of a defense to a threatened or pending action, the character of the threatened or pending action determines whether federal question jurisdiction exists with regard to the declaratory judgment action." *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 248 (1952)). Thus, "if . . . the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights," jurisdiction exists for declaratory relief. *Id.* (quoting *Janakes*, 768 F.2d at 1093).

Corey argues that his "Complaint does confer federal subject matter jurisdiction" because "the Federal Defendants could bring a hypothetical coercive action to enforce its [sic] rights and obligations related to the enforcement of its [sic] system of records policies, which are premised upon the Privacy Act of 1974." Pl.'s Opp. 3, ECF No. 11. Corey, however, has failed to direct the court to any specific statute under which the USPS could bring such a coercive action or to demonstrate that the USPS could bring any such action against Corey. Therefore, because Corey has failed to demonstrate that the USPS "could have brought a coercive action in federal court to enforce its rights" or that Corey's requested relief "is in the nature of a defense to a threatened or pending action," *Levin Metals Corp.*, 799 F.2d at 1315, Corey has failed to demonstrate that this court has subject matter jurisdiction. *See Hexom v. Or. Dep't of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999) ("It is the burden of plaintiffs to persuade the federal courts that subject matter jurisdiction does exist."); *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) ("A

federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."). Accordingly,

THE COURT HEREBY ORDERS that Defendant USPS's motion to dismiss (#8) is GRANTED.

DATED this ___28___ day of February, 2011.

_____
Lloyd D. George
United States District Judge

3